## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KERRY HOWARD**                                          **CIVIL ACTION**

**VERSUS**                                               **NO.  11-2602**

**MARLIN GUSMAN, MEDICAL DEPT.**                         **SECTION "J"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.      Factual Background

The plaintiff, Kerry Howard ("Howard"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman and the medical department at the Orleans Parish Prison.  He is currently incarcerated in the Winn Correctional Center in Winnfield, Louisiana.

Howard alleges that, during his incarceration in the Orleans Parish Prison system ("OPP") from December 21, 2010, until the filing of his complaint, the OPP medical staff failed to provide him with a diabetic diet.  He claims that this caused an increase in his blood sugar to around 409

which could have put him into a diabetic comma.  He complains that the food at OPP is high in starch, such as grits, rice, potatoes, and noodles, which turn into sugar in his system.  He insists that the administration should know that this is not an appropriate diet for diabetics and that the OPP medical department has been inadequate since Hurricane Katrina.  He contends that he complained to the warden and the medical staff to no avail.  He claims that they either told him that the diet was sufficient or failed to respond to his grievances.  He further claims that "Nurse Isac" told him that he should not have come to jail.

He also claims that the diet at the prison caused him to suffer with dizziness, constant urination, headaches and other symptoms that caused pain and suffering.  As relief, he requests punitive damages, a diabetic diet, and an order forcing the Orleans Sheriff to comply with the medical standards for diabetic inmates.

## II.     Standards of a Frivolousness Review

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v.*

*Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.**   **Analysis**

**A.**   **Claims Against Sheriff Gusman**

Howard has named Sheriff Gusman as a defendant in his role as supervisory official over OPP and the medical department about which he complains.  He has not stated a non-frivolous claim against the Sheriff cognizable under § 1983.

As a supervisory official over the jail, Sheriff Gusman would not be vicariously liable for the actions or inactions of the jail employees or members of the medical staff.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  He only would be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).  Howard does not allege that Sheriff Gusman was aware of or involved in his dietary needs or provisions. He does not indicate that he in anyway notified the Sheriff personally about the events of which he complains.

Howard has not demonstrated a personal connection that would render Sheriff Gusman liable under § 1983.  Howard's claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

**B.    Claims Against the Medical Department**

Howard also alleges that the medical staff at OPP did not provide him with a diabetic diet while he was at OPP.  Howard fails to identify or point to any particular person who could be held accountable for this failure.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law.  42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).  In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued.[1]  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code Ann. art. 24 (2008).

Thus, under federal law, a county (or parish) prison facility is not a "person" within the meaning of Rule 17.  *Cullen v. DuPage County*, No. 99C1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97CIV0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).  The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued.  A parish

---

[1] Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See* Fed. R. Civ. P. 17(b).

jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998).

Thus, the medical department at OPP is not proper defendants in this case. Without a specific state actor to consider, Howard fails to state a claim for which relief can be granted.

The Court also notes that Howard mentioned the name of "Nurse Isac" in his complaint, he has not named her as a defendant. Even if he had, his only claim against her is that she insulted him by telling him he should not have gone to jail. Verbal abuse and insults are not enough to raise constitutional concerns under § 1983. *See McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983).

Furthermore, the standard of conduct for providing medical care to inmates under the Eighth Amendment was clearly established by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976). In *Estelle*, the Court held that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment. *Id.* at 104. This is true where the indifference is manifested by prison doctors in their response to the prisoner's needs. It is also true where the indifference is manifested by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Id.* In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.*

In this case, Howard has not done this.  Although he initially alleges that he was not provided with a proper diabetic diet, he also indicates that he made repeated complaints to the medical staff and wardens and was assured that he was receiving the proper diet.  He apparently did receive review of his diet and responses to his requests for care.  His mere disagreement with medical treatment provided does not state a claim for Eighth Amendment indifference to medical needs. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  While inadequate medical treatment of inmates may, at a certain point, rise to the level of a constitutional violation, malpractice and negligent care do not reach that level.  *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action."); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982) ("mere negligence in giving or *failing to supply* medical treatment would not support an action under Section 1983." (emphasis added)); *see also Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

Howard has not presented any allegations sufficient to state a claim for denial of adequate medical care even if he were to name a proper defendant.  His claims should be dismissed with prejudice as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Howard's § 1983 complaint against Sheriff Gusman and the OPP Medical Department be **DISMISSED WITH PREJUDICE** as frivolous and otherwise

for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 17th day of November, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.